UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO CARRASCO, *et al.*, | No. C-11-2711 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| HSBC BANK USA NATIONAL ASSOCIATION, *et al.*, | **(Docket No. 17)** |
| Defendants. | |

_____/

Defendants' unopposed motion to dismiss came on for hearing before the Court on November 21, 2011.[1] Docket No. 17. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Flavio Carrasco and Erasmo Carrasco brought this suit against Defendants HSBC Bank USA and Bank of America to reverse a foreclosure sale of Plaintiffs' residence ("Subject Property"). Plaintiffs obtained a loan related to the Subject Property from Transnational Financial Network. Docket No. 17-2, Exh. A at 2. The loan was secured by a Deed of Trust naming Transnational Financial Network as the lender, First American Title as the trustee, and Mortgage Electronic Registration Services ("MERS") as the beneficiary. Docket No. 17-3, Exh. B at 2 ("Deed of Trust"). Under the Deed of Trust, Plaintiffs granted and conveyed the Subject Property to First

---

[1] Plaintiffs' counsel contacted the Court after the hearing and stated that he intended to oppose the motion on the papers and at the hearing. The Court notes that Plaintiffs' opposition was due on September 23, 2011, prior to counsel's first notice of disability.

1 American Title as trustee. Deed of Trust at 4. MERS held legal title to the interests granted by
2 Plaintiffs, and was given the right to exercise interests such as the right to foreclose. Deed of Trust
3 at 4.

4 Plaintiffs were adversely impacted by the real estate recession, and were unable to make
5 payments on the loan. Compl. ¶ 6; Docket No. 17-4, Exh. C at 2 ("Notice of Default"). On or
6 around April 21, 2010, Defendant Bank of America Home Loans contacted the borrower to assess
7 Plaintiffs' financial situation and explore options to avoid foreclosure. Notice of Default at 5. On
8 May 7, 2010, ReconTrust Company, acting as an agent of MERS, recorded a Notice of Default on
9 the loan.[2] Notice of Default at 2. On May 19, 2010, MERS, acting as the beneficiary, substituted as
10 trustee ReconTrust Company in place of First American Title. Docket No. 17-4, Exh. D at 7
11 ("Substitution of Trustee"). In the same document, MERS conveyed and transferred its interest as a
12 beneficiary to HSBC. Substitution of Trustee at 7. On August 16, 2010, ReconTrust recorded a
13 Notice of Trustee's Sale. Docket No. 17-4, Exh. E at 9 ("Notice of Trustee's Sale"). At the
14 Trustee's Sale conducted on September 7, 2010, HSBC purchased the Subject Property, and
15 ReconTrust transferred the Subject Property to HSBC. Docket No. 17-4, Exh. F at 12, 13
16 ("Trustee's Deed"). On March 18, 2011, HSBC brought an unlawful detainer action against
17 Plaintiffs in state court. Compl., Exh. B.

18 At an unknown point during these events, Plaintiffs allegedly sought a modification of their
19 loan but was refused by Countrywide. Plaintiffs then allege that they had obtained a loan
20 modification, but that Defendants did not honor the new terms. Compl. ¶ 36. Plaintiffs now bring
21 this suit, alleging wrongful foreclosure, slander of title, breach of contract, and misrepresentation
22 and fraud. Compl. ¶¶ 20, 25, 29, 34, 39. Plaintiffs seek declaratory relief, damages, injunctive
23 relief, and exemplary damages.

---

[2] First American Title, Transnational Financial network, MERS, and ReconTrust are not named Defendants in this suit. Although ReconTrust is a wholly owned subsidiary of Defendant Bank of America, Plaintiffs make no allegations that Defendant Bank of America is responsible for the actions of ReconTrust, or that ReconTrust acted on behalf of Bank of America so that actions taken by ReconTrust are chargeable to Defendant Bank of America. *See, e.g.*, *Royal Indus. v. St. Regis Paper Co.*, 420 F.2d 449, 453 (9th Cir. 1969) ("The separate identities of a parent and its subsidiary, even a wholly owned subsidiary, will not be disregarded unless a recognition of their separateness, under the circumstances, would sanction a fraud or promote injustice").

## II. DISCUSSION

A. Standard of Review

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must be construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider facts alleged in the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice of.[3] *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must still provide the grounds of his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* This threshold is reached "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

B. Wrongful Foreclosure

Plaintiffs' primary claim concerns whether the foreclosure was properly conducted. Compl. ¶ 16. Specifically, Plaintiffs allege that they never received their rights under California Civil Code § 2923.5 and § 2923.6, that Defendants did not follow the requirements of California foreclosure statutes, and that Defendants did not honor an alleged loan modification. Compl. ¶ 20.

    1. Compliance with California Civil Code § 2923.5

Plaintiffs allege that Defendants did not comply with California Civil Code § 2923.5. Section 2923.5(a) prevents the filing of a Notice of Default until 30 days after a mortgagee, beneficiary, or authorized agent makes initial contact with the borrower to assess the borrower's

---

[3] Defendants request judicial notice of the: (1) Adjustable Rate Note, (2) Deed of Trust, (3) Notice of Default, (4) Substitution of Trustee, (5) Notice of Trustee's Sale, (6) Trustee's Deed, and (7) Proof of Publication of Notice of Trustee's Sale. Docket No. 17-1 at 2. Judicial notice may be taken of all of these documents. The Adjustable Rate Note and Deed of Trust are already offered as part of Plaintiffs' complaint. Compl. Exh. A. The Notice of Default, Notice of Trustee's Sale, and Trustee's Deed are all referenced by the Complaint. Compl. ¶¶ 16-1, 16-3, 16-11. The Substitution of Trustee is a matter of public record. Finally, the Proof of Publication appeared in a published newspaper. Plaintiffs have not made any objections to Defendants' request for judicial notice.

financial situation and explores options to avoid foreclosure. In this case, the Notice of Default was accompanied by a declaration by Defendant Bank of America that they contacted the borrower to assess the borrower's financial situation. Notice of Default at 5.

Although issues arise regarding whether Defendant Bank of America was an authorized agent and whether 30 days passed between the initial contact and the filing of the Notice of Default, any alleged violation of § 2923.5 will not support the relief Plaintiffs seek.[4] Under § 2923.5, the available remedy "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Mabry*, 185 Cal. App. 4th at 214. Where the foreclosure sale has already occurred, as in this case, noncompliance with § 2923.5 does not affect the title after the sale. *Id.* As § 2923.5 does nothing to affect the rule regarding foreclosure sales as final, any claim based on § 2923.5 fails where the foreclosure sale has already taken place because no remedy is available. *See id.*; *Valverde v. Wells Fargo Bank, N.A.*, Case No. C-11-2423 SC, 2011 U.S. Dist. LEXIS 95590, at *22-23 (N.D. Cal. Aug. 25, 2011) (dismissing the plaintiff's complaint in part because "[t]o the extent Plaintiff's bad faith claim is merely a claim of a violation of section 2923.5, this claim is likely moot given the scheduled July 2011 foreclosure sale of the house, as the only remedy available under section 2923.5 – postponement of the foreclosure sale – would no longer be available."). An alleged violation of § 2923.5 cannot support a claim for wrongful foreclosure in this case, as it does not support any of the remedies sought by Plaintiffs.

### 2. Failure to Allege Tender

Defendants argue as an initial matter that even if there are irregularities in the foreclosure process, the foreclosure proceeding does give rise a cause of action without alleging credible tender.[5]

---

[4] Defendants also argue that even if there was not compliance with § 2923.5, there was no obligation to modify the loan. Motion at 7. However, this argument does not change the fact that § 2923.5 confers an individual right on Plaintiffs to force parties to communicate with each other, and to thus explore options to avoid foreclosure. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010). Even if Defendants had no obligation to make a loan modification, this would not relieve Defendants of the requirement to communicate with Plaintiffs under § 2923.5.

[5] Tender is not required for an action under § 2923.5. *Mabry*, 185 Cal. App. 4th at 214 ("Must a borrower tender the full amount of the mortgage indebtedness due as a prerequisite to bringing an action under section 2923.5? No. To hold otherwise would defeat the purpose of the statute."). Instead, § 2923.5 creates a new right to be contacted about the possibility of alternatives to full payment, and "[i]t would be contradictory to thwart the very operation of the statute if

Motion at 4. Most courts have held that "in order to maintain a claim for challenging foreclosure, plaintiffs must allege a credible tender of the amount of the secured debt to maintain any cause of action." *Cuaresma v. Deustche Bank Nat'l Co.*, No. C-11-03829 RMW, 2011 U.S. Dist. LEXIS 116507, at *8-9 (N.D. Cal. Oct. 7, 2011); *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117-18 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"). The tender rule is justified because "[i]t would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." *U.S. Cold Storage of Cal. v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985).

In this case, Plaintiffs have failed to allege tender. Instead, Plaintiffs state that they will pay the lesser of 31% of their monthly income or $992.00 a month. Compl. ¶ 15. As this is insufficient to satisfy the tender rule applicable to a situation in which they seek to reverse a foreclosure that has already occurred. Tender in these circumstances requires that Plaintiffs credible tender the amount of the secured debt – $522,452.11. Their failure to make such a tender or credibly allege they can do so precludes Plaintiffs' claim for wrongful foreclosure.

  3.  <u>Propriety of Foreclosure Proceedings</u>

Even absent the tender rule, Plaintiffs' complaint fails to allege sufficient facts regarding the alleged defects in the foreclosure process. In addition, Plaintiffs' complaint fails to identify how Defendants were involved in any of these alleged defects.

First, Plaintiffs allege that Defendants wrongfully filed the Notice of Default because Defendants did not have the authority to file the Notice. Compl. ¶ 20-1. Under California Civil Code § 2924(a)(1), a notice of default may be filed for record by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents." Here, the Notice of Default was filed by ReconTrust Company, who was acting as an agent for MERS, the beneficiary under the Deed of Trust. Motion

---

enforcement were predicated on full tender." *Id.* at 225.

5

at 5; Notice of Default at 2. Plaintiffs fail to demonstrate the Notice of Default was not filed by a party with authority under § 2924. Furthermore, Plaintiffs fail to explain the role of the named Defendants in this alleged procedural defect, as neither Defendant herein had any apparent involvement with the filing of the Notice of Default. Notice of Default at 3.

Second, Plaintiffs allege that Defendants failed to serve the Notice of Default and the Notice of Trustee's Sale. Compl. ¶¶ 20-1, 20-3. Under California Civil Code § 2924.3, the recorded Notice of Default and notice for the sale must be mailed to the mortgagee, beneficiary, or owner. However, Plaintiffs do not allege any facts surrounding this failure to serve, instead offering only a conclusory statement that they were not served. Also, it is not evident how Defendants were both involved as both documents were recorded by ReconTrust Company, who is not named in this suit. Notice of Default at 2; Notice of Trustee's Sale at 9. Additionally, a violation of this provision would not appear to entitle Plaintiffs to the relief sought, as "[a]ny failure to comply with the provisions of this section shall not affect the validity of a sale in favor of a bona fide purchaser." Cal. Civ. Code § 2924.3. As the foreclosure sale has already occurred in this case, a violation of this statute would not support a claim for relief.

Third, Plaintiffs allege that Defendants wrongfully foreclosed because they alleged an incorrect amount due. Compl. ¶ 20-4. However, Plaintiffs do not allege what the correct balance should have been, or demonstrate how Plaintiffs were prejudiced by this alleged defect.

Fourth, Plaintiffs allege that Defendants breached the "modification contract," but do not allege what the terms of that contract were or who the contract was made with. Compl. ¶¶ 20-5, 20-8. Plaintiffs stated earlier in the Complaint that Countrywide refused to modify their loan. Compl. ¶ 14. While it is possible that the modification contract is the alleged loan modification contract referred to later in the complaint, which allegedly would have lowered the payments to $992.00/month, Plaintiffs do not explain with whom they made the contract and whether that party is named in this suit. Compl. ¶ 40.

Fifth, Plaintiffs allege that Defendants did not afford Plaintiffs their rights under § 2943, which permits Plaintiffs to request a Beneficiary Statement that would list, among other things, the unpaid balance of the loans, the interest rate, total amount of overdue installments, amount of the

periodic payments, and the date the obligation was due. Compl. ¶ 20-7. However, the beneficiary statement is only required if a party entitled to the statement makes a written demand for the statement. Cal. Civil Code § 2943(b). Plaintiffs have not pled any facts that they made the demand and did not receive the beneficiary statement. Instead, they merely stated in general terms that they were not afforded these rights. Compl. ¶ 20-7. Plaintiffs have therefore failed to demonstrate that the foreclosure was improper based on this failure to provide the Beneficiary Statement.

Sixth, Plaintiffs allege that Defendant HSBC was not a beneficiary and could not have foreclosed on the property. Compl. ¶ 20-10. However, MERS's beneficial interest was transferred to HSBC prior to the trustee's sale. Substitution of Trustee at 7. Furthermore, HSBC did not conduct the foreclosure; the foreclosure was conducted by ReconTrust Company, and HSBC then purchased the Subject Property at the foreclosure sale. Notice of Trustee's Sale at 9; Trustee's Deed at 12.

Finally, Plaintiffs allege that Defendants wrongfully recorded a Trustee's Deed, but do not explain why this Trustee's Deed was wrongful.

Taken together, Plaintiffs have failed to allege sufficient facts supporting their claim that there was wrongful foreclosure in this case, and have not demonstrated that they are entitled to relief on this cause of action.

C.  Slander of Title

The Court dismisses Plaintiffs' claim for slander of title. Compl. ¶¶ 25-27. The elements of a claim for slander of title are: (1) a publication, (2) which is without privilege or justification and thus with malice, express or implied; (3) is false, either knowingly or made without regard to its truthfulness; and (4) causes direct and immediate pecuniary loss. *Howard v. Schaniel*, 113 Cal. App. 3d 256, 263-64 (1980).

Plaintiffs presumably identify as false statements the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed. Compl. ¶¶ 16-1, 16-3,16-11. Plaintiffs failed to specify in their complaint what the alleged false publications are. They also fail to explain why these statements are false. Furthermore, with respect to the Notice of Default and the Notice of Trustee's Sale, Plaintiffs must demonstrate actual malice because the mailing, publication, and delivery of

7

such notices is required by California Civil Code § 2924(a). Pursuant to California Civil Code § 2924(d)(1), such documents are privileged communications, and a plaintiff must show actual malice because otherwise Defendants are immune from liability. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 343 (2008). Here, Plaintiffs' malice allegations are limited to stating that "Defendant[s] committed such acts knowingly and with the intent to cause harm and/or with reckless disregard for the Truth." Plaintiffs fail to state a claim for slander of title because Plaintiffs have failed to explain how the statements are false and did not allege any facts demonstrating malice with respect to the Notice of Default and the Notice of Trustee's Sale. Such conclusory allegations are insufficient under *Twombly* and *Iqbal*.

D.  Breach of Contract

The Court dismisses Plaintiffs' claim for breach of contract. Plaintiffs allege that Defendants breached the contracts contained in the note, deed of trust, and loan modification agreement. Compl. ¶ 29. With respect to the note and the deed of trust, Plaintiffs do not identify which terms were breached. *See, e.g.*, *Nichols v. Greenpoint Mortgage Funding, Inc.*, Case No. SA CV 08-750 DOCK (MLGx), 2008 U.S. Dist. LEXIS 87644, at *10 (C.D. Cal. Aug. 19, 2008) (dismissing breach of contract claim as "Plaintiff fails to allege a breach of any provision of the contracts").

There is a substantial question of whether a loan modification agreement exists. In fact, Plaintiffs allege that they were *denied* a loan modification, and that the review of the loan modification never took place. Compl. ¶ 15. While it is possible that Plaintiffs might have received a loan modification after these events, Plaintiffs do not specify the terms of this alleged contract, identify who made the alleged loan modification promise, or explain what consideration was given for the modified loan.[6] Compl. ¶¶ 36, 40. Plaintiffs fail to state a claim for breach of contract, given the contrary pleadings and the lack of information about the alleged loan modification, if one occurred.

E.  Negligence

---

[6] Plaintiffs allege that 'Defendant' made representations regarding a proper loan modification and then returned the payment and wrongfully recorded a Trustee's Deed. However, the lender was Transnational Financial Network, who is not named in this complaint. The party that recorded the Trustee's Deed was ReconTrust, who likewise is not named in this complaint.

8

The Court dismisses Plaintiffs' negligence claims. A claim for negligence requires that the defendants breached a legal duty of care to the plaintiff, causing plaintiff's injury. *Saelzler v. Advanced Grp 400*, 25 Cal. 4th 763, 767 (2001). Plaintiffs only allege one specific act of negligence, which is that "Defendants negligently and improperly recorded a Trustee's Deed in violation of [California Civil Code §] 2924 et seq and 2923.5 et sec." However, as discussed above, there are no facts explaining how the Trustee's Deed was wrongfully recorded. There is also an issue of whether the named Defendants in this case were even involved in the recording of the Trustee's Deed, as the Trustee's Deed was recorded by ReconTrust Company, not Defendant Bank of America or Defendant HSBC. Trustee's Deed at 12. Plaintiffs do not otherwise identify what duties were breached, or how those duties were breached. Because the Plaintiffs fail to plead any facts, Plaintiffs fail to state a claim for negligence.

F.  <u>Misrepresentation and Fraud</u>

The Court dismisses Plaintiffs' claim based on misrepresentation and fraud. Claims for fraud are subject to Rule 9(b), which requires that a party "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To satisfy the particularity requirement, the party must plead facts showing the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Plaintiffs may not lump multiple defendants together but must differentiate their allegations and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation omitted).

Here, Plaintiffs fail to identify the role of each Defendant in the alleged fraud. Plaintiffs simply state that "Defendant made representations that Plaintiff had a proper loan modification and that that made his loan current and he would not have to move and would remain the owner." Compl. ¶ 36. The payment was then returned and a Trustee's Deed was recorded. Compl. ¶ 36. Plaintiffs do not plead facts on who made these representations, when the representations were made, or the specific content of the representations. Because Plaintiffs fail to satisfy Rule 9(b)'s particularity requirements, Plaintiffs have failed to state a claim for fraud and misrepresentation.

9

G. Promissory Estoppel (as to Defendant HSBC)

The Court dismisses Plaintiffs claim relating to estoppel and waiver. A promissory estoppel claim requires that there is: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

In this case, Plaintiffs' allegations is limited to stating that "Plaintiffs relied on Defendants['] to modify the loan to payments of $992 per month and to treat the loan as current and in full force and effect as modified to their detriment and they cannot now aset to the contrary." Compl. ¶ 40. Plaintiffs fail to allege any facts about this loan modification, including whether HSBC made the promise, and how Plaintiffs were injured by their reliance. Without more information regarding the loan, whether Plaintiffs' reliance was reasonable, and whether Plaintiffs relied on the alleged promise to their detriment, Plaintiffs have not stated sufficient facts to state a claim for promissory estoppel.

### III. CONCLUSION

The Court finds that Plaintiffs have failed to allege sufficient facts to support their claims. For the reasons stated above, the Court **GRANTS** Defendants' motion and dismisses Plaintiffs' claims without prejudice. Plaintiffs are given **30 days** to file an amended complaint taking into account the numerous deficiencies described herein.

This order disposes of Docket No. 17.

IT IS SO ORDERED.

Dated: December 1, 2011

_____
EDWARD M. CHEN
United States District Judge