UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO CARRASCO, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>HSBC BANK USA, N.A., *et al.*,<br><br>   Defendants.<br>_____/ | No. C-11-2711 EMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE, AND/OR TO RELATE ACTIONS AND TO STAY PROCEEDINGS**<br><br>**(Docket No. 27)** |

  Plaintiffs' ex parte application came on for hearing before the Court on February 23, 2012. Docket No. 27. For the reasons set forth below, the Court **DENIES** Plaintiffs' application.

## I. FACTUAL & PROCEDURAL HISTORY

  Plaintiffs Flavio Carrasco and Erasmo Carrasco brought this suit against Defendants HSBC Bank USA, ReconTrust Company, and Mortgage Electronic Registration Services ("MERS") to reverse a foreclosure sale of Plaintiffs' residence ("Subject Property"). Plaintiffs obtained a refinance loan related to the Subject Property from Transnational Financial Network in November 2006. Docket No. 26-2 at 2. The loan was secured by a Deed of Trust naming Transnational Financial Network as the lender, First American Title as the trustee, and Defendant Mortgage Electronic Registration Services ("MERS") as the beneficiary. Docket No. 26-3 at 2 ("Deed of Trust"). Under the Deed of Trust, Plaintiffs granted and conveyed the Subject Property to First American Title as trustee. Deed of Trust at 1. Defendant MERS held legal title to the interests granted by Plaintiffs, and had the right to exercise the interests, including the right to foreclose. Deed of Trust at 2-4.

Plaintiffs were adversely impacted by the real estate recession, and were unable to make payments on the loan. FAC ¶ 9; Docket No. 26-4 ("Notice of Default"). On or around April 21, 2010, Bank of America Home Loans allegedly contacted the borrower pursuant to California Civil Code § 2923.5 to assess Plaintiffs' financial situation and explore options to avoid foreclosure. Notice of Default at 5. On May 7, 2010, Defendant ReconTrust Company, acting as an agent of MERS, recorded a Notice of Default on the loan. Notice of Default at 2. On May 19, 2010, MERS, acting as the beneficiary, substituted ReconTrust Company as trustee in lieu of First American Title. Docket No. 26-4, Exh. D at 7 ("Substitution of Trustee"). At the same time, MERS conveyed and transferred its interest as a beneficiary to Defendant HSBC Bank USA ("HSBC"). Substitution of Trustee. On August 16, 2010, ReconTrust recorded a Notice of Trustee's Sale. Docket No. 26-4, Exh. E at 9 ("Notice of Trustee's Sale"). Defendant HSBC purchased the Subject Property, and pursuant to the sale, Defendant ReconTrust transferred the Subject Property to Defendant HSBC. Docket No. 26-4 Exh. F, at 12 ("Trustee's Deed"). On March 18, 2011, Defendant HSBC brought an unlawful detainer action against Plaintiffs in state court. Docket No. 1, Exh. B.

At an unknown point during these events, Plaintiffs allegedly sought a modification of their loan but was refused by Countrywide. FAC ¶ 15. Plaintiffs also allege that they had obtained a loan modification, but that Defendants did not honor the new terms. FAC ¶ 22. Plaintiffs then brought suit against Defendant HSBC and Bank of America, alleging wrongful foreclosure, slander of title, breach of contract, and misrepresentation and fraud. Compl. ¶¶ 20, 25, 29, 34, 39. Defendants filed an unopposed motion to dismiss, which the Court granted in its entirety. The Court gave Plaintiffs 30 days to file an amended complaint that would address the deficiencies identified by the Court's order. Docket No. 24 at 10 ("Order").

Plaintiffs then filed the FAC. The FAC dismissed Bank of America as a defendant, adding ReconTrust and MERS as defendants. FAC ¶¶ 2-4. The FAC dropped its claims for wrongful foreclosure, slander of title, misrepresentation, and fraud, and instead raised causes of action for declaratory relief, accounting, preliminary and permanent injunction, and breach of contract. FAC ¶¶ 19, 23, 25, 27.

On February 14, 2012, Plaintiffs filed this ex parte application for a temporary restraining order and order to show cause, and/or to relate the instant suit to the unlawful detainer action in state court Case No. 1-11-CV-196797 and stay the proceedings of the unlawful detainer action. Docket Nos. 27-29. Plaintiffs' application was based on their original complaint, which had already been dismissed by the Court. Docket No. 28 at 2 ("Motion"). Plaintiffs were required to file and provide chambers with courtesy copies of the attachments identified in Plaintiffs' papers, as well as the unlawful detainer case. Docket No. 31. Plaintiffs were also required to serve all papers related to their application on Defendants. Docket No. 31. Plaintiffs did not file the papers as required by the Court, and Defendants state that they were not served. Docket No. 32-1 ¶ 3 ("Marienthal Decl."). Defendants oppose Plaintiffs' ex parte application. Docket No. 32 ("Opp.").

## II. DISCUSSION

A. <u>Jurisdiction</u>

As an initial matter, the Court finds that it lacks jurisdiction over this case, and denies Plaintiffs' application on this ground.

First, the Court finds that there is no diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), courts have diversity jurisdiction only if there is "complete diversity between the parties--each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has clarified that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Here, Defendant ReconTrust is headquartered in Simi Valley, California, and has been found by numerous courts to be a California citizen. *About Us*, RECONTRUST, https://www.recontrustco.com/about_us.aspx (last visited Feb. 23, 2012); *see also Hope Renewed v. BAC Home Loans Servicing*, No. C 11-1324 PJH, 2012 U.S. Dist. LEXIS 15616, at *8 (N.D. Cal. Feb. 8, 2012) ("As defendants further note, defendant ReconTrust is also a citizen of California");

3

*Patino v. ReconTrust Co., N.A.*, No. C 11-00345 CW, 2012 U.S. Dist. LEXIS 14161, at *4 (N.D. Cal. Feb. 6, 2012) ("Defendants do not dispute that ReconTrust is a California citizen"); *Cotera v. BAC Home Loans Servicing, LP*, Case No. 3:11-cv-1023-ST, 2011 U.S. Dist. LEXIS 140849, at *4 (D. Or. Nov. 3, 2011) ("ReconTrust is a national association with its main office in California and therefore is a citizen of California"). As Plaintiffs are also California citizens, complete diversity is destroyed and diversity jurisdiction does not exist.

Second, the Court finds that there is no federal question jurisdiction. Although Plaintiffs asserted at the hearing that they brought a claim pursuant to the federal Truth in Lending Act, no such claim appears on the face of the First Amended Complaint. Instead, the complaint seeks declaratory relief, an accounting, and an injunction based on wrongful foreclosure, and brings a breach of contract claim. Because Plaintiffs have failed to plead any claims under the Truth in Lending Act, and their claims are otherwise based on California statutes, the Court finds that federal question jurisdiction does not exist.

Accordingly, the Court will deny Plaintiffs' application and dismiss this case for lack of jurisdiction.

B.  Temporary Restraining Order and Order to Show Cause

1.  Anti-Injunction Act

Even if the Court had jurisdiction over this case, the Court likely lacks the authority to issue an injunction halting the eviction under the Anti-Injunction Act. This prohibition is necessary to preserve the separation between the state and federal court systems because "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme Court]." *Atl. Coast R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). The Anti-Injunction Act prevents a federal court from granting an injunction to stay state court proceedings except: (1) as expressly authorized by Act of Congress, (2) where necessary in aid of the court's jurisdiction, or (3) to protect or effectuate the court's judgments. 28 U.S.C. § 2283 (2006); *Vendo Co. v. letro-Vend Corp.*, 433 U.S. 623, 630 (1977).

In the instant case, the first and third exceptions to the Anti-Injunction Act's prohibition do not apply. There is no federal statute authorizing a district court to enjoin a state unlawful detainer action. *See Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).; *Fry v. Wachovia Mortg. FSB*, 09cv2662 L(NLS), 2010 U.S. Dist. LEXIS 29069, at *5 (S.D. Cal. Mar. 26, 2010). The Court has also yet to issue a judgment that requires protection from the state court proceedings. Thus, to be permissible under the second exception, the temporary restraining order sought by Plaintiffs must be necessary to aid this Court's jurisdiction.

In *Atlantic Coast Railroad Co.*, the Supreme Court found that an injunction "necessary in aid of" the Court's jurisdiction is similar to an injunction to "protect or effectuate" judgments. 398 U.S. at 295. It is not enough that the injunction is related to the district court's jurisdiction; the injunction must be "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* The Supreme Court has further found that this exception applies to protect a court's in rem jurisdiction. *Vendo Co.*, 433 U.S. at 641. Where an action is in personam, parallel in personam actions in federal and state court are permitted. *Id.* at 642.

Applying *Atlantic Coast Railroad Co.* and *Vendo Co.*, courts have found that the "necessary in aid of" exception does not apply to stay unlawful detainer actions. In *Scherbenske*, the court denied a temporary restraining order to enjoin an unlawful detainer action in state court. 626 F. Supp. at 1055. Plaintiffs sought a permanent injunction against the unlawful detainer action, rescission of a trustee's sale, and damages. *Id.* The court found that it did not have in rem jurisdiction over the real property at issue, and therefore an injunction was not needed to protect the court's in rem jurisdiction. *Id.* at 1059. *See also Sohal v. Fed. Home Loan Mortg. Corp.*, C 11-01941 JSW, 2011 U.S. Dist. LEXIS 53278, at *8-9 (N.D. Cal. May 18, 2011) (finding that the plaintiff's action to set aside trustee sale and quiet title was an in personam action in denying a temporary restraining order to stay an unlawful detainer action).

In the instant case, Plaintiffs seek a temporary restraining order to prevent the eviction of Plaintiffs from the subject property. Like *Scherbenske* and *Sohal*, the instant case is an in personam action, and does not require an injunction to protect the Court's in rem jurisdiction because the

Court's power is over the parties, not the Subject Property. Relief granted by the Court will not be moot even if the unlawful detainer action goes forward, as the Court would still have power over Defendants and may grant relief should the Court rule in favor of Plaintiffs on the merits. Accordingly, the Court finds that if the Court had jurisdiction over this case, the Anti-Injunction Act would prevent the Court from issuing a temporary restraining order preventing the eviction from Plaintiffs.

2.  Temporary Restraining Order Requirements

The Court also finds that even if it had authority to issue an injunction in this case, Plaintiffs fail to satisfy the standard for a temporary restraining order. "The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction." *Beaty v. Brewer*, 649 F.3d 1071, No. 11-99007, 2011 U.S. App. LEXIS 11391, at *8 (9th Cir. May 25, 2011). The moving party must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. *Id.* The moving party bears the burden of persuasion, and must make a clear showing. *Id.* at *9.

Based on the pleadings in the instant case, Plaintiffs have not satisfied their burden of showing that their claim is likely to succeed. Plaintiffs' application for a temporary restraining order and order to show cause suffers the same deficiencies as the original complaint, which the Court previously dismissed in its entirety.

First, Plaintiffs argue that Defendants lacked the authority to foreclose. Motion at 2. However, Plaintiffs base this claim on the original loan, identifying the lender as Downey Savings and Loan Association, F.A. and the beneficiary as DSL Service Company. Motion at 2. In contrast, the foreclosure in the instant case is based on the *refinance* loan that was entered into in November 2006. This loan was made by Transnational Financial Network, and secured by a Deed of Trust naming Transnational Financial network as the lender, First American Title as the trustee, and Defendant MERS as the beneficiary. Docket No. 26-3 at 2. Under the Deed of Trust, Defendant MERS was given the right to foreclose, which was later exercised by Defendant ReconTrust

Company, who was acting as Defendant MERS's agent. Plaintiffs have not shown that foreclosure on the refinance loan was improper.

Second, Plaintiffs claim that they never received a Notice of Default or a Notice of Trustee's Sale, in violation of California Civil Code 2924c. Under California Civil Code § 2924.3, the recorded Notice of Default and Notice of Trustee's Sale must be mailed to the mortgagee, beneficiary, or owner, although there is no requirement that the notice be received. In dismissing the original complaint, the Court already rejected Plaintiffs' conclusory statement that they were not served with the Notice of Default and the Notice of Trustee's Sale, and questioned whether violation of this provision would entitle Plaintiffs to the relief sought. Order at 6. Plaintiffs provide no additional factual allegations or legal arguments to support their claim, and the Court finds no reason to reconsider this argument on the context of their motion for a temporary restraining order.

Third, Plaintiffs argue that Defendants did not enter into a loan modification, as required by California Civil Code § 2923.5-.6 and the Home Affordable Modification Program ("HAMP"). Plaintiffs have not demonstrated that any of these sections require that a lender enter into a loan modification, as opposed to simply encouraging that lenders work with borrowers to avoid foreclosures. *Cf. Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1062, 1617 (2011) (finding that there is no duty to agree to a loan modification under § 2923.6). Previously, the Court expressed doubt whether the California Civil Code sections can provide the relief sought by Plaintiffs, as the foreclosure sale has already occurred. Order at 4; *see also Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010) (§ 2923.5 remedy "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5"); *Hamilton*, 195 Cal. App. 4th at 1616-1617 (finding that § 2923.6 remedy is limited to postponement of an impending foreclosure). As for Plaintiffs' HAMP claim, Plaintiffs have not demonstrated that HAMP requires a modification. Even if it did, there are no allegations that Plaintiffs even applied for or qualified for a HAMP modification.

Finally, the Court finds that Plaintiffs have not sufficiently demonstrated that a loan modification was ever entered into. Plaintiffs claim that they entered into a loan modification agreement with Defendants in 2009, which Defendants then repudiated. Motion at 3-4. At the same

time, Plaintiffs allege that they were denied a loan modification. FAC ¶ 15. In its prior order, the Court dismissed Plaintiffs' breach of contract claim because of the contrary pleadings and a lack of information regarding the alleged modified contract. Order at 8. Again, the Court finds that Plaintiffs provide no evidence that the loan modification contract existed, what the terms of the contract were, or who the contract was even with. Accordingly, the Court could not issue a temporary restraining order when there is no factual support for Plaintiffs' allegations.

Because Plaintiffs have not shown a likelihood of success or even serious questions on the merits, the Court could not have granted Plaintiffs' application for a temporary restraining order. Plaintiffs' application does not correct any of the deficiencies identified by the Court in its order dismissing Plaintiffs' original complaint.

C.      Relate Case

Finally, even if the Court had jurisdiction over this case, the Court could not have related the instant case to state court Case No. 1-11-CV-196797 because the Court lacks jurisdiction over the unlawful detainer case.

California Rule of Court 3.300 does not apply in this case because it is a state rule. While Rule 3.300 explains what should occur if cases are brought in the same or different superior courts, it is silent as to cases that are brought in state and federal court. Instead, Federal Rule of Civil Procedure 42 is appropriate here.

Federal Rule of Civil Procedure 42 permits consolidation of "actions before the court [that] involve a common question of law or fact." Generally, the court may only consolidate actions which are properly before the same court. *Or. Egg Producers v. Andrews*, 458 F.2d 382, 383 (9th Cir. 1972). Applying this principle, the court in *Dodd v. Federal Home Loan Mortgage Corp.* refused to consolidate a federal claim challenging the origination of a refinance loan and the foreclosure sale of the plaintiff's home with an unlawful detainer action pending in state court. No. Civ. S-11-1603 JAM EFB PS, 2011 WL 6370032, at *13 (E.D. Cal. Dec. 19, 2011). The court found that it lacked subject matter jurisdiction over the unlawful detainer action, and thus could not consolidate that case with the wrongful foreclosure case.

Like *Dodd*, the Court lacks subject matter jurisdiction over the unlawful detainer action. The Court does not have federal question jurisdiction over the unlawful detainer action, as that case is based solely on state law. The Court also does not have diversity jurisdiction over the unlawful detainer action, as that case has limited its claim to $10,000, whereas diversity jurisdiction requires a matter in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Thus, because the unlawful detainer action is not currently before the Court and cannot be removed to federal court, consolidation is not permissible under Rule 42.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' ex parte application.

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: February 28, 2012

_____
EDWARD M. CHEN
United States District Judge

9