UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO CARRASCO, *et al.*, | No. C-11-2711 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM** |
| HSBC BANK USA, N.A., *et al.*, | |
| Defendants. | **(Docket No. 26)** |
| _____/ | |

Defendants move for dismissal of Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim. Docket No. 26. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I. FACTUAL & PROCEDURAL HISTORY

Plaintiffs Flavio Carrasco and Erasmo Carrasco brought this suit against Defendants HSBC Bank USA, ReconTrust Company, and Mortgage Electronic Registration Services ("MERS") to reverse a foreclosure sale of Plaintiffs' residence ("Subject Property"). Plaintiffs obtained a refinance loan related to the Subject Property from Transnational Financial Network in November 2006. Docket No. 26-2 at 2. The loan was secured by a Deed of Trust naming Transnational Financial Network as the lender, First American Title as the trustee, and Defendant Mortgage Electronic Registration Services ("MERS") as the beneficiary. Docket No. 26-3 at 2 ("Deed of Trust"). Defendant MERS held legal title to the interests granted by Plaintiffs, and had the right to exercise the interests, including the right to foreclose. Deed of Trust at 2-4.

1    After Plaintiffs defaulted on the loan, Defendant ReconTrust Company, acting as an agent of Defendant MERS, recorded a Notice of Default on the loan. Notice of Default at 2. On May 19, 2010, Defendant MERS, acting as the beneficiary, substituted the trustee from First American Title to Defendant ReconTrust Company. Docket No. 26-4, Exh. D at 7 ("Substitution of Trustee"). At the same time, Defendant MERS conveyed and transferred its interest as a beneficiary to Defendant HSBC Bank USA ("HSBC"). Substitution of Trustee. On August 16, 2010, ReconTrust recorded a Notice of Trustee's Sale. Docket No. 26-4, Exh. E at 9 ("Notice of Trustee's Sale"). Defendant HSBC purchased the Subject Property, and pursuant to the sale Defendant ReconTrust transferred the Subject Property to Defendant HSBC. Docket No. 26-4 Exh. F, at 12 ("Trustee's Deed"). On March 18, 2011, Defendant HSBC brought an unlawful detainer action against Plaintiffs in state court. Docket No. 1, Exh. B.

At an unknown point during these events, Plaintiffs allegedly sought a modification of their loan which was refused by Countrywide. FAC ¶ 15. At the same time, Plaintiffs allege that they had obtained a loan modification, but that Defendants did not honor the new terms. FAC ¶ 22.

Plaintiffs then brought suit against Defendant HSBC and Bank of America, alleging wrongful foreclosure, slander of title, breach of contract, and misrepresentation and fraud. Compl. ¶¶ 20, 25, 29, 34, 39. Defendants filed an unopposed motion to dismiss, which the Court granted in its entirety. The Court gave Plaintiffs 30 days to file an amended complaint that would address the deficiencies identified by the Court's order. Docket No. 24 at 10 ("Dismissal Order").

Plaintiffs then filed the FAC. The FAC dismissed Bank of America as a defendant, adding ReconTrust and MERS as defendants. FAC ¶¶ 2-4. The FAC also dropped its claims for slander of title, misrepresentation, and fraud. The FAC raises causes of action for declaratory relief and preliminary and permanent injunction based on wrongful foreclosure, an accounting, and breach of contract. FAC ¶¶ 19, 23, 25, 27. The FAC provides no additional factual information, instead primarily relying on the same allegations as in the prior complaint. Defendants now move to dismiss the FAC. Docket No. 26 ("Motion"). Plaintiffs again failed to file an opposition.

On February 14, 2012, Plaintiffs filed an ex parte application for a temporary restraining order and order to show cause, and/or to relate the instant case with the state court unlawful detainer

action and to stay the proceedings of the unlawful detainer action. Docket Nos. 27-29. Plaintiffs' application was based on their original complaint, which was already dismissed by the Court, and added no factual information. Docket No. 28 at 2 ("Motion"). The Court denied Plaintiffs' application, citing lack of jurisdiction, the Anti-Injunction Act, and Plaintiffs' failure to demonstrate likely success on the merits. Docket No. 36 ("TRO Order").[1]

## II. DISCUSSION

### A. Lack of Jurisdiction

As discussed in the Court's order denying Plaintiffs' ex parte application, the Court finds that it does not have subject matter jurisdiction over the instant case. First, diversity jurisdiction does not exist because Defendant ReconTrust is headquartered in Simi Valley, California, and is a California citizen. TRO Order at 3-4. Second, federal question jurisdiction does not exist because no federal claim appears on the face of the FAC. Although Plaintiffs asserted at the hearing that they brought a claim pursuant to the federal Truth in Lending Act, Plaintiffs pled no such claims in their FAC.

Accordingly, the Court will dismiss this case for lack of federal jurisdiction.

### B. Motion to Dismiss

The Court will also dismiss Plaintiffs' FAC with prejudice for failure to state a claim. Again, as discussed in the Court's order denying Plaintiffs' ex parte application, Plaintiffs have failed to address any of the deficiencies identified by the Court when the Court granted Defendants' first motion to dismiss. TRO Order at 6-8. The FAC lacks any factual information and does not state a claim for the relief sought.

#### 1. Legal Standard

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must be construed in a light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to "legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

---

[1] The Court acknowledges that Plaintiffs' counsel filed a notice of disability on March 1, 2012. Docket No. 37. In light of the Court's ruling, the notice of disability is moot and does not impact the Court's decision.

(2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* This threshold is reached when the plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft*, 129 S. Ct. at 1950.

2. <u>Wrongful Foreclosure</u>

Plaintiffs' claims for declaratory and injunctive relief are again based on an alleged wrongful foreclosure. Like the Plaintiffs' ex parte application, the FAC's wrongful foreclosure claims lack any factual basis and do not address any of the problems identified by the Court in its prior order dismissing the original complaint.

First, Plaintiffs allege that Defendants wrongfully filed Notices of Default without authority, and then failed to serve them on Plaintiff. FAC ¶ 18(1). Under California Civil Code § 2924(a)(1), a notice of default may be filed by "[t]he trustee, mortgagee, or beneficiary, of any of their authorized agents." The Notice of Default was filed by Defendant ReconTrust, who was acting as an agent for Defendant MERS, the beneficiary under the Deed of Trust. Notice of Default at 2. Plaintiffs allege no facts suggesting that Defendant ReconTrust did not have authority to file the Notices of Default. *See* Dismissal Order at 5-6.

Second, Plaintiffs allege that Defendants wrongfully failed to serve Plaintiffs with a Notice of Trustee's Sale. FAC ¶ 18(3). Under California Civil Code § 2924.3, the recorded Notice of Default and notice for the sale must be mailed to the mortgagee, beneficiary, or owner. The Court previously rejected Plaintiffs' conclusory statement that they were not served, and also found that a violation of this provision would not entitle Plaintiffs to reversal of the foreclosure. Dismissal Order at 6; *see also* TRO Order at 7. Plaintiffs provide no additional allegations from the original complaint.

Third, Plaintiffs allege that Defendants wrongfully foreclosed because they alleged an incorrect amount due. FAC ¶ 18(4). Again, Plaintiffs do not allege what the correct balance was or how they were prejudiced by this alleged defect. *See* Dismissal Order at 6.

4

Fourth, Plaintiffs allege that Defendants breached the contract.[2] FAC ¶ 18(5). Plaintiffs again fail to allege what the terms of the contract were, who the contract was made with, which Defendant breached the contract, and whether Plaintiffs had performed their part of the contract. *See* Dismissal Order at 6; TRO Order at 8.

Fifth, Plaintiffs allege that Defendants were not given their rights under California Civil Code § 2923.5 and 2923.6. FAC ¶ 18(6). Plaintiffs provide no further information in support of this allegation. In its Order, the Court rejected this allegation on the grounds that there were no facts and that a violation of the section would not support a claim for wrongful foreclosure or any of the remedies sought by Plaintiffs. Dismissal Order at 4. Furthermore, the only remedy available under either section is a postponement of the impending foreclosure to permit the lender to comply with the statute, but the foreclosure sale has already taken place in the instant case. Dismissal Order at 4; *see also* TRO Order at 7.

Sixth, Plaintiffs allege that Defendants did not comply with § 2943, which permits Plaintiffs to request a Beneficiary Statement that would list, among other things, the unpaid balance of the loans, the interest rate, the total amount of overdue installments, amount of the periodic payments, and the date the obligation was due. FAC ¶ 18(7). The Court rejected this allegation because a Beneficiary Statement is only required if the party entitled to the statement makes a written demand for the statement. Dismissal Order at 7; Cal. Civil Code § 2943(b). Plaintiffs did not and still do not allege that they made such a demand.

Seventh, Plaintiffs allege that they tendered the amounts due pursuant to the loan modification, which was rejected. FAC ¶ 18(8). Plaintiffs again allege no specific facts suggesting that a loan modification actually took place. *See* Dismissal Order at 8.

Eighth, Plaintiffs allege that Defendant HSBC was not the Beneficiary and could not foreclose. FAC ¶ 18(10). The Court previously rejected this allegation because Defendant MERS transferred its beneficial interest to Defendant HSBC prior to the trustee's sale, and in any case

---

[2] In the original Complaint, Plaintiffs had alleged that Defendants breached the "modification contract."

Defendant HSBC did not conduct the foreclosure. Dismissal Order at 7. Plaintiffs fail to allege any facts that suggest otherwise.

Finally, Plaintiffs allege that Defendants wrongfully recorded a Trustee's Deed. FAC ¶ 18(11). Again, Plaintiffs provide no allegations for why this Trustee's Deed was wrongful. *See* Dismissal Order at 7.

The Court also notes that Plaintiffs again fail to allege tender. Courts have held that where foreclosure has already occurred an action to reverse the foreclosure must be predicated on a credible tender of the amount of the secured debt. *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117-18 (1971). The tender rule is justified because:

> [it] would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property.

*U.S. Cold Storage of Cal. v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985). Plaintiffs fail to allege tender, instead saying they will pay the lesser of 31% of their monthly income or $922.00 a month. FAC ¶ 16. As this is insufficient to satisfy the tender rule, the failure to allege tender may also preclude Plaintiffs' claim for wrongful foreclosure. *See* Dismissal Order at 5.

However, even absent the tender rule, Plaintiffs have failed to address any of the deficiencies identified in the prior Order. Instead, Plaintiffs repeat the same allegations from the original Complaint, without any new factual or legal basis for their claims. Accordingly, the Court will dismiss Plaintiffs' claims for declaratory and injunctive relief based on wrongful foreclosure.

3. Accounting

The Court will dismiss Plaintiffs' claim for accounting. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLouglin*, 173 Cal. App. 4th 156, 179 (2009). However, "[a]n accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Id.*

In the instant case, Plaintiffs allege that they made payments "as modified," presumably referring to the still unknown modification contract. FAC ¶ 22. However, Plaintiffs fail to identify what they seek an accounting of. The FAC first states that Plaintiffs believe that Defendants did not return the modified payments that Plaintiffs tendered, and thus an accounting is necessary "to ascertain what has been paid, and if any is owed and to remove the wrongful charges." FAC ¶ 22. The FAC then goes on to state that an accounting is needed to determine how much Plaintiffs owe Defendants. FAC ¶ 23. This suggests that Plaintiffs want an accounting to determine what their debt was.

In addition, Plaintiffs also fail to specify which Defendant is responsible for mischarging or returning Plaintiffs' money. None of the named Defendants appear to be Plaintiffs' loan servicer, and thus none would be liable for mischarges. Further, lacking any factual information, Plaintiffs' allegations are insufficient to put Defendants on notice, as Defendants cannot tell from Plaintiffs' allegations which Defendants--if any--are responsible for the complained of acts. Accordingly, the Court will dismiss Plaintiffs' claim for accounting because Plaintiffs fail to provide any information explaining which Defendant committed the wrongful act, what the wrongful act was, what Plaintiffs are seeking an accounting of, and why an accounting is needed.

4. Breach of Contract

The Court will again dismiss Plaintiffs' claim for breach of contract. While the FAC bases the breach of contract claim on breach of the terms of the note and deed of trust, rather than the purported "modification contract," Plaintiffs again fail to identify the contract terms that were breached, which Defendants were involved in the alleged breach, and whether Plaintiffs were entitled to performance. *See* Dismissal Order at 8.

Plaintiffs' only additional allegation is that Defendants, in forming the contract, failed to communicate in Spanish or provide translators. FAC ¶ 31. Plaintiffs fail to explain whether any of the named Defendants were involved in this act, considering that the refinance loan was made by Transnational Financial Network, who was the lender for the 2006 refinance loan. Docket No. 17-2, Exh. A at 2. Transnational Financial Network is not a party to this suit. Furthermore, even if Transnational Financial Network was a party to this suit, a claim based on this allegation is likely

7

1  barred by the statute of limitations. The statute of limitations is four years, and the refinance loan
2  was made in November 2006. Cal. Code Civ. Pro. § 337(1). Accordingly, the Court will dismiss
3  Plaintiffs' breach of contract claim.

        5.        <u>Dismissal with Prejudice</u>

The Court will dismiss Plaintiffs' FAC with prejudice. Where "a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lurid*, 845 F.2d 193, 195 (9th Cir. 1988). If the Court "determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Id.* (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In the instant case, Plaintiffs have had three opportunities to allege sufficient facts: the original complaint, the FAC, and the ex parte application for a temporary restraining order and order to show cause. In all documents, Plaintiffs failed to allege any facts that would warrant the relief sought. Furthermore, Plaintiffs failed to address any of the deficiencies identified by the Court in its order dismissing Plaintiffs' original complaint. Accordingly, the Court finds that dismissal of Plaintiffs' claims with prejudice is appropriate.

### III.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss the FAC with prejudice. The Court finds that dismissal is appropriate because the Court lacks subject matter jurisdiction over the case and Plaintiffs have repeatedly failed to allege sufficient facts to support their claims. The Clerk of the Court is directed to close the file in this case.

This order disposes of Docket No. 26.

IT IS SO ORDERED.

Dated: March 2, 2012

_____
EDWARD M. CHEN
United States District Judge